IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHESTER MITCHELL, SHARON MITCHELL,
MICHAEL MITCHELL, and
                Plaintiffs,

v.                                           NO. CV 03-0061 RLP LCS

MIKE BRISENO, SHAWN SCOTT, JOHN DOE-1,
JOHN DOE-2, and JOHN DOE-3, in their individual
capacities,
                Defendants.

## FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND DAMAGES

Plaintiff Chester Mitchell, Sharon Mitchell, and Michael Mitchell, by and through their attorney, Joe M. Romero, Jr., brings this complaint for violations of their civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983, and for torts under the New Mexico Tort Claims Act, and alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. § 1343, with pendent jurisdiction over the state law claims. Venue is proper in this district as Defendants are residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiff's cause of action arose in New Mexico.

### PARTIES

2.     Plaintiffs Chester Mitchell, Sharon Mitchell, and Michael Mitchell are residents and citizens of the state of New Mexico.

3.     Defendant Mike Briseno was at all relevant times herein a law enforcement officer employed by the Bloomfield Police Department, a governmental agency operated by the City of

Bloomfield. At all times relevant herein, Defendant Briseno was assigned or tasked to the Region II Narcotics Task Force.

4. Defendant Shawn Scott was at all relevant times herein a law enforcement officer employed by the Farmington Police Department, a governmental agency operated by the City of Farmington. At all times relevant herein, Defendant Scott was assigned or tasked to the Region II Narcotics Task Force.

5. Defendants John Doe-1, John Doe-2, and John Doe-3 were at all relevant times herein a law enforcement officer assigned or tasked to the Region II Narcotics Task Force.

6. At all times material to this Complaint, Defendants were acting within the scope of employment and under color of state law. The individual Defendants are sued in his individual capacity.

## FACTUAL BACKGROUND

7. On or about 5:30 p.m. on October 4, 2000, Plaintiff Chester Mitchell was inside his home eating supper with his daughter Sharon Mitchell. Also in the house was one of Plaintiff Chester Mitchell's grandchildren, Michael Mitchell.

8. Plaintiffs heard banging on the front and rear door of the residence and then saw Defendants, and other police officers, with guns drawn, enter the residence. At the time they entered the residence, Defendants lacked consent, a warrant, probable cause, and / or exigent circumstances to enter said residence.

9. Defendants, and other police officers, initially ordered Plaintiffs inside the residence to lie on the floor and physically threw Plaintiffs to the floor. After initially throwing Plaintiff Sharon Mitchell and Michael Mitchell on the floor inside the house, Plaintiffs Sharon Mitchell and Michael Mitchell were physically picked up and taken outside and ordered to lie on the ground outside the house.

10. After ordering individuals located in the house to lie on the floor, Defendants, and other police officers, commenced to search the house. During their initial unwarranted search of the house, Defendants allegedly discovered a small amount of cocaine on the kitchen floor where Plaintiffs had been eating prior to the police entering the house.

11. After the alleged discovery of the cocaine, Plaintiff Chester Mitchell, who was kept inside the house by the Defendants, while not free to leave and without being advised of his right to remain silent, Plaintiffs were interrogated regarding the ownership of the alleged cocaine found on the floor inside the residence and the identity of an individual who allegedly driven away from the residence prior to or near the time that the police entered the property upon which the subject residence was located.

12. After the initial entry into his house and after the house had already been searched, and while separated from his daughter and grandchildren, Plaintiff Chester Mitchell was coerced and induced into signing a consent to search form provided to him by Defendants.

13. After being unable to identify the persons located at or near his residence, as demanded by Defendants, Defendants forcibly removed Plaintiffs Chester Mitchell and Michael Mitchell from the residence and took him to the San Juan County Detention Center in Aztec. Plaintiff Chester Mitchell was charged with the felony offense of possession of cocaine, and Plaintiff Michael Mitchell was charged with an alleged parole violation warrant.

14. Upon review of the evidence in this case, the District Attorney's Office, Eleventh Judicial District, dismissed the felony charge filed by Defendant against Plaintiff Chester Mitchell.

15. In pertinent part, the alleged justification for entering Plaintiff Chester Mitchell's residence and subsequently arresting Plaintiff Chester Mitchell was an alleged cocaine transaction, occurring prior to the arrival of police, between a confidential informant and an unknown "Mexican" male at or near Plaintiff Chester Mitchell's residence. At no time during the alleged "buy-bust" or

undercover transaction did said confidential informant implicate Plaintiff Chester Mitchell in said transaction, nor did such transaction occur inside Plaintiff Chester Mitchell's residence.

## COUNT I: UNLAWFUL DETENTION, ARREST AND/OR INTERROGATION IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS AGAINST THE INDIVIDUAL DEFENDANTS

16. Plaintiffs incorporates paragraphs 1 through 15 by reference as if set forth fully herein.

17. Defendants detained, arrested and/or interrogated Plaintiffs on October 4, 2000 without reasonable suspicion or probable cause to believe that Plaintiff had committed or was committing a crime, and without a warrant or exigent circumstances.

18. Defendants' actions in detaining, arresting, and/or interrogating Plaintiffs and the manner in which Defendants affected the detention, arrest, and interrogation, were objectively unreasonable, and intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's rights.

19. Defendants' unlawful detention, arrest, and/or interrogation of Plaintiffs proximately caused Plaintiffs damages and injuries. These damages include physical pain and suffering, lost liberty, and psychological and emotional distress.

**WHEREFORE**, Plaintiffs requests compensatory and punitive damages against Defendants together will all costs and attorneys' fees.

## COUNT II: CIVIL RIGHTS VIOLATION--EXCESSIVE USE OF FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AGAINST THE INDIVIDUAL DEFENDANTS

20. Plaintiffs incorporate paragraphs 1 through 19 by reference as if set forth fully herein.

21. The individual Defendants, and other law enforcement officers, used physical force in seizing and detaining Plaintiffs on October 4, 2000, including but not limited to ordering them to the

4

floor at gunpoint, grabbing Plaintiffs and pushing them onto the floor. Defendants used physical force without reasonable suspicion or probable cause to believe that Plaintiffs posed any physical danger to anyone, and without giving Plaintiffs an opportunity to comply with their requests.

22.   Defendants' use of force was excessive and objectively unreasonable under the circumstances.

23.   Defendants' actions were intentional, willful, obdurate, and in gross and reckless disregard of Plaintiffs' rights.

24.   Defendants' use of excessive force proximately caused Plaintiffs damages and injuries, including physical injuries, physical pain and suffering, lost liberty, and psychological and emotional distress of the type and nature that anyone would be expected to suffer under like circumstances.

**WHEREFORE**, Plaintiffs requests compensatory and punitive damages against the individual Defendants, together with all costs and attorneys' fees.

### COUNT III: UNREASONABLE SEARCH IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS AGAINST THE INDIVIDIAL DEFENDANTS

25.   Plaintiffs incorporates paragraphs 1 through 24 by reference as if set forth fully herein.

26.   The Defendants and other law enforcement officers did not have probable cause to believe that there was evidence of a crime inside the subject residence or on Plaintiffs' person. Nor did Defendants have reason to believe that Plaintiffs were armed or dangerous.

27.   Defendants did not possess consent to enter the house or search Plaintiff's person, nor did they possess probable cause, a search warrant, or exigent circumstances to enter and/or search Plaintiff's residence and their persons.

28.   Defendants' entry into Plaintiff Chester Mitchell's residence, and their search of

5

Plaintiffs' person, was objectively unreasonable, involuntary, and intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' rights.

29. Defendants' unlawful entry into Plaintiff Chester Mitchell's residence, and the search of the Plaintiffs' person caused Plaintiff damages and injuries. These damages include pain and suffering, property damage, lost liberty, and psychological and emotional distress.

**WHEREFORE**, Plaintiff requests compensatory and punitive damages against the individual Defendants, together with all costs and attorneys' fees.

## JURY TRIAL DEMAND

30. Plaintiffs hereby demand a trial by jury on all counts so triable.

Respectfully submitted,

By: _____
Joe M. Romero, Jr.
Attorney for Plaintiffs
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 843-9776
(505) 224-9554 facsimile

6