IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHESTER MITCHELL, SHARON
MITCHELL, and MICHAEL MITCHELL

    Plaintiffs,

v.                                                       Civ. No. 03-0061 RLP/LCS

MIKE BRISENO, SHAWN SCOTT, and
JOHN DOES 1-3, in their individual
capacities,

    Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants Briseno's and Scott's Motion for Summary Judgment [Doc. 19]. Plaintiffs brought their action pursuant to 42 U.S.C. § 1983, claiming their constitutional rights were violated by defendants, who are law enforcement officers in Farmington, New Mexico assigned to the New Mexico Narcotics Task Force. ("Task Force"). After completion of limited discovery allowed by the court, Defendants have moved for summary judgment based on qualified immunity; Plaintiffs seek protection under Fed.R.Civ.P. 56(f), claiming the motion is premature because they do not have adequate discovery.

Unfortunately, Plaintiffs' argument is set forth in their response brief and not by way of an attorney affidavit as required by Rule 56(f) and Tenth Circuit precedent. *See Price v. Western Resources, Inc.*, 232 F.3d 779, 783-84 (10th Cir. 2000). Therefore any prematurity arguments are waived and the court addresses the motion on the merits.

When a motion for summary judgment raises the issue of qualified immunity, the court must determine (1) whether a constitutional right has been violated and, if so, (2) whether that right was clearly established at the time of the conduct at issue. *Gross v. Pirtle*, 245 F.3d 1151, 1155-56 (10th Cir. 2001). Plaintiffs claim violations of their Fourth Amendment rights (warrantless entry and search of home and warrantless arrest) and use of excessive force. Warrantless entry to a home and warrantless arrest may violate the Fourth Amendment if the officer lacks probable cause, and the issue is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 200-202 (2001).

Excessive force claims "are analyzed under the objective reasonableness standard of the Fourth Amendment." *Gross*, 245 F.3d at 1158 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989).

> The Fourth Amendment standard requires inquiry into the factual circumstances of every case: relevant factors include the crime's severity, the potential threat posed by the suspect to the officer's and others' safety, and the suspect's attempts to resist or evade arrest.

*Id*. (citing *id*. at 396).

There is no question that the right to be free from warrantless entry, search, and arrest is clearly established. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Similarly, the right to be free from the use of excessive force is clearly established. *Gross*, 245 F.3d at 1158. The issue is whether, after examining all of the facts and circumstances of the case, "a reasonable officer could have believed [his] warrantless search to be lawful, in light of clearly established law and the information the searching officers possessed."

*Anderson*, 483 U.S. at 641.  In excessive force cases, the issue is whether the officers' used the amount of force necessary under the circumstances.  For these inquiries, the court looks at the facts of the case in the light most favorable to the non-moving party. *Carr v. Castle*, 337 F.3d 1221, ----, 2003 WL 21783806, **3 (10th Cir. 2003).

The court has reviewed the parties' submissions and the exhibits attached thereto. Five officers were named as defendants, two by name and three as John Does. As to the two named Defendants, Officers Briseno and Scott,  they claim immunity and argue that Plaintiffs' failure to identify them by name also precludes the claims against them; that is, in the First Amended Complaint and in Plaintiffs' Response brief the allegations merely refer to the conduct of "an officer" or "the officer(s)" and do not identify the individuals by name.  Defendants correctly note that Plaintiffs have never moved to amend their Complaint, despite the discovery which could have revealed the names of the John Doe defendants and the specific acts attributable to each.  The court will first discuss the facts of the case and the claims against Defendants Briseno and Scott.

The only undisputed facts are that the Task Force set up a "buy/bust" with an informant in the yard of the Plaintiffs' residence, where Chester Mitchell, aged 77, lived with his daughter and grandson, Sharon and Michael Mitchell.  When the informant gave a prearranged signal the officers moved in and entered and searched the house without a warrant.  Officer Briseno then obtained a written consent to search the house.  A small piece of crack cocaine was found.  Plaintiff Chester Mitchell was arrested and spent 24 hours in jail.  The other two Plaintiffs were detained and questioned, but not arrested.  No charges were brought against Chester Mitchell.

According to Defendants, they had received "numerous" complaints of drug-related activity in and around Plaintiffs' residence. They set up a "buy/bust" with an unidentified confidential informant to purchase drugs on the day in question. Defendants contend that they observed several individuals in the yard, going into and out of the residence, and an individual in a car across the street. When the informant allegedly purchased some crack cocaine, he gave the signal and the officers moved in.

Defendant Officer Scott was in the back yard to prevent anyone from leaving and Defendant Officer Briseno went in the house with other officers to conduct a "protective sweep." This warrantless entry and search of the Plaintiffs' residence was necessary, they argue, because of the exigent circumstances, *i.e.*, suspicious activity in the yard, the drug buy, and numerous individuals entering and exiting the house. No weapons or other individuals were unearthed or encountered during the "protective sweep." Officer Briseno was one of the officers conducting the search; Officer Scott was not present in the house when the search took place.

Defendants state that after the initial search took place Plaintiff Chester Mitchell signed a consent to search the residence after being requested to do so. Once the consent was signed, the officers noticed a rock of crack cocaine on the kitchen floor. Chester Mitchell was arrested and the other two Plaintiffs were requested to exit the house where they were searched and questioned, but not arrested. The next day, Chester Mitchell was released from custody and no charges were brought against him or the individual who allegedly sold crack cocaine to the informant.

Plaintiffs give a much different version of events. First, they state there is no evidence of complaints about drug-dealing at their residence and Defendants have submitted no such evidence to the court by way of affidavit or documentation. On the day in question Plaintiffs allege that none of the three or four individuals in the yard entered or exited the house as claimed by the Defendants. Instead, they state that while sitting in their kitchen an officer spraying mace entered their home, followed by three other officers who told them to remain where they sat and searched the entire house. They claim that Chester Mitchell was coerced into signing the consent because an officer told him that he would "tear the house apart" if it was not signed. They deny any search took place after the consent was signed and that the crack cocaine was located during the initial warrantless search. The excessive force claim is based on an unidentified officer's forcing Michael Mitchell to lie face down in the mud.

The issue before the court is not to resolve this factual dispute, but to determine whether Officer Briseno had probable cause to enter Plaintiffs' residence. He states in his affidavit that there were numerous complaints about drug dealing at the residence. He does not identify how many complaints or from whom he heard about the complaints; he had no personal knowledge of such complaints. After he started surveillance, he observed vehicles coming and going from the vicinity in front of the house and he observed four individuals in front of the house, and he states that two of them were known to him to be affiliated with gangs. He never observed any of these individuals entering or exiting the house but had been advised of some 15 or 20 individuals entering or exiting the residence. He does not identify the source of this information or when he was so informed. He states

5

he observed smoke coming from the chimney which raised his suspicions about contraband being burned because it was such a "warm" day. He observed one individual leave the area around the premises at a high rate of speed, which also raised his suspicions about drug activity.

The foregoing information indicates that Officer Bisneo's probable cause determination was based primarily on hearsay: the "numerous complaints" and many individuals entering and exiting the residence. All of the information he observed firsthand, the smoking chimney, two gang members in the front yard, and an individual leaving the area, would not, in and of themselves, provide the probable cause necessary for a warrantless entry into the residence. *See United States v. Anderson*, 981 F.2d 1566, 1567-68 (10th Cir. 1992).

Although officers are entitled to rely on another officer's statements, what the officer was in fact told and whether that makes it objectively reasonable for the officer to believe he had exigent circumstances to enter a home without a warrant is a fact question to be resolved by a jury. *Baptiste v. J. C. Penney Co., Inc.*, 147 F.3d 1252, 1258 (10th Cir. 1998); *Wrather v. City of Tulsa*, 4 Fed. Appx. 547, 550 (10th Cir. 2001) (unpublished opinion); *Signorile v. City of New York*, 887 F. Supp. 403, 418 (E.D.N.Y. 1995); *Daniels v. Keeter*, 1999 WL 639187, *3 (N.D. Ill. 1999) (unpublished opinion). Because of the material facts in dispute, Officer Briseno's Motion for Summary Judgment is denied

As to Officer Scott, the record submitted indicates that he was at the rear of the house to see if anyone exited from the back door. He only entered the house when advised to come in by Officer Briseno. Officer Scott states that he saw the rock of crack

cocaine on the kitchen floor when he entered the residence and that he searched the premises after the consent was signed. He alleges that at no time did he question, detain or have any physical contact with any of the plaintiffs. Plaintiff's do not attribute any specific conduct to Officer Scott. He asserts he entered the residence only when told to come in by Officer Briseno and searched the house only after the consent was signed, his conduct does not meet the requisite level of unlawfulness required under § 1983.[1] *Saucier, supra*. Accordingly, Officer Scott's Motion for Summary Judgment will be granted.

As stated previously, there is a claim of excessive force for an officer's forcing Michael Mitchell to lie face down in the mud when he was taken outside. This conduct is not attributed to any specific officer. Similarly, Plaintiffs have not identified the three John Doe Defendants or any conduct attributable to them. The court will give Plaintiffs ten (10) days from entry of this Order to file for leave to amend their complaint to identify the remaining officers or any alleged unlawful conduct. Failure to do so will result in dismissal of those individuals or claim.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Officer Briseno's Motion for Summary Judgment [Doc. 19] is denied;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Officer Scott's Motion for Summary Judgment [Doc. 19] is granted; and

---

[1] Plaintiffs state that there was no search after the consent was signed. In that event, Officer Scott only entered the house and conducted no search, which would also mean that summary judgment should be granted in his favor.

IT IS FURTHER ORDERED that Plaintiffs shall have ten (10) days from entry of this Order to file for leave to amend their Complaint as stated herein.

IT IS SO ORDERED.

                                              Richard L. Puglisi
                                    United States Magistrate Judge
                                         (sitting by designation)

| | |
|---|---|
| FOR THE PLAINTIFFS: | Joe Romero, Esq. |
| FOR DEFENDANT BRISENO: | Gregory V. Pelton, Esq. |
| FOR DEFENDANT SCOTT: | Michael W. Wile, Esq. |