IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHESTER MITCHELL,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**No. CIV 03-61 RLP/LCS**

**MIKE BRISENO,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Plaintiff Chester Mitchell's ("Mitchell's") Motion to Compel Testimony, filed October 25, 2004. [Doc. No. 67.] Defendant Mike Briseno ("Briseno") filed his response on November 2, 2004. [Doc. No. 70.] The Court is able to resolve this matter without the need for a reply brief. After careful consideration of the pleadings and pertinent law, the Court grants the motion to compel and will require that the confidential informant be deposed as promptly as possible.

### Background

This is a civil rights case brought under 42 U.S.C. § 1983. Mitchell contends that Briseno, a police officer employed by the City of Bloomfield, New Mexico, entered his residence without a warrant and without Mitchell's consent, thereby violating Mitchell's constitutional rights. Mitchell further alleges that the warrantless entry was unlawful because Briseno lacked probable cause and

1

exigent circumstances. Mitchell also asserts that he was unlawfully seized and arrested by Briseno, all in violation of his federally protected rights. [Doc. No. 68, Pre-Trial Report, p. 3.]

Briseno filed a Motion for Summary Judgment arguing *inter alia* that he had reasonable grounds to believe exigent circumstances existed that justified his entry into Mitchell's house and that he is entitled to qualified immunity. [Doc. No. 62.] In response to that Motion, Mitchell contended in part, based on an unsworn interview with the confidential informant, that the confidential informant would contradict Briseno's version of the pertinent events. Mitchell specifically asserts that, based on the confidential informant's anticipated deposition testimony, exigent circumstances did not exist to justify the warrantless entry. Mitchell's recitation concerning what the informant would say is, of course, hearsay. Fed.R.Evid. 801. Mitchell's attorney filed a Fed. R. Civ. P. 56(f) affidavit indicating that the confidential informant would refute the claims, but while the informant has given an unsworn statement, his deposition has not been taken. Mitchell requests that the Court deny the Motion for Summary Judgment, or alternatively, delay a ruling and permit the informant's deposition. The Motion for Summary Judgment is fully briefed and ready for resolution, once the deposition of the confidential informant has been completed.

In his Motion to Compel, Mitchell states that after the confidential informant was interviewed, the informant's criminal defense attorney directed the informant not to cooperate with the parties in this case. The deposition of the informant was originally scheduled for October 20, 2004, but on October 19, the informant's attorney notified Mitchell's attorney that the informant would not testify about the "pertinent and relevant facts involved in this case" and that he would invoke his Fifth Amendment privilege against self-incrimination "for many of the questions." [Doc. No. 67, p. 2, and

2

Ex. 1.] It is not clear whether the informant actually refused to show up at a deposition or, if having presented himself at the deposition, he refused to be deposed.

Briseno filed a response in opposition to the Motion to Compel, arguing that the informant would be entitled to invoke his Fifth Amendment privilege with respect to some questions, that other anticipated questions were immaterial and/or undisputed, that it would be unfair to allow Mitchell to elicit an unprivileged negative response to certain questions when defense counsel would then be unable to obtain answers from the informant that might tend to impeach him, and that some of the questions about which Mitchell intends to ask the informant are the same types of questions Mitchell's attorney advised a previous deponent in this case not to answer based on his Fifth Amendment privilege. In sum, Briseno asks the Court to deny the Motion to Compel, and alternatively to order another deposition of the individual who was previously deposed who declined to answer certain questions based on his Fifth Amendment privilege. The Court declines to order that the individual previously deposed be deposed again at Mitchell's expense. That request should have been made through a timely and appropriate Motion to Compel.

## Discussion

"The Constitution's privilege against self-incrimination has ancient and venerable antecedents." Carey v. Rudeseal, 112 F.R.D. 95, 96 (N.D. Ga. 1986). The importance of the Fifth Amendment privilege and the need for strong protection of its use are clear. Id. at 97. Supreme Court precedent instructs that the Fifth Amendment privilege extends to all types of testimonial proceedings, whether criminal or civil, including pretrial discovery in civil cases. Maness v. Meyers, 419 U.S. 449, 465, 95 S.Ct. 584, 595 (1975) (internal quotation omitted); United States v. Kordel, 397 U.S. 1, 7-8, 90 S.Ct. 763 (1970), *cert. denied*, 400 U.S. 821 (1970).

3

However, it is "entirely inappropriate for the privilege [of self-incrimination] to be asserted as a general matter in bar of all discovery or in bar of discovery by a particular method, as, for example, by a motion seeking to vacate a deposition notice." Gatoil, Inc. Forest Hill State Bank, 104 F.R.D. 580, 581 (D. Md. 1985); SEC v. Thomas, 116 F.R.D. 230, 234 n. 7 (D. Utah 1987) (proper procedure is for deponent to attend deposition and answer questions she can and invoke the privilege only when her answers to questions tend to incriminate). Similarly, blanket refusals to respond to interrogatories, based on a privilege against self-incrimination, are not acceptable. General Dynamics v. Selb Mfr'g Co., 481 F.2d 1204, 1212 (8th Cir. 1973), *cert. denied,* 414 U.S. 1162 (1974). So, too, it would be improper for the informant's attorney to instruct the deponent not to answer each and every question. Counsel may properly instruct a deponent not to answer only to (1) preserve a privilege; (2) comply with a prior court order limiting the scope of discovery; and/or (3) terminate the deposition for purposes of obtaining a protective order. Resolution Trust Corp. v. Dabney, 73 F.3d 262 (10th Cir. 1995). *See also* American Hanger Inc. v. Basic Line, Inc., 105 F.R.D. 173 (D. Mass. 1985).

Thus, with respect to depositions, the proper method to assert such a privilege is for the deponent to appear at the deposition, truthfully answer those questions that do not implicate a privilege, and assert the privilege in response to specific questions as warranted. General Dynamics, 481 F.2d at 1212. Should it be necessary, the Court may then review the record to decide whether the question posed called for privileged information and if the privilege was properly asserted as to each specific question.

Here, as stated previously, it is not clear why the deposition did not proceed. To the extent that the informant refused to appear at the deposition, this was improper. Without the deposition,

4

it is impossible for the informant to demonstrate that there is a "real and appreciable risk" of self incrimination with respect to every question that might be asked of him.  Clearly, some questions will be asked that do not implicate Fifth Amendment concerns, and therefore, are not privileged.  The protection is confined to instances "where the witness has a reasonable cause to apprehend danger from a direct answer."  Hoffman v. United States, 341 U.S. 479, 486, 71 S.Ct. 814 (1951).  Stated differently, the privilege against self-incrimination protects information that will provide "a link in the chain of evidence needed to prosecute" criminal conduct.  Malloy v. Hogan, 378 U.S. 1, 11, 84 S.Ct. 1489 (1964).  Moreover, the individual's "say-so" alone does not establish a hazard of self-incrimination.  Hoffman, 341 U.S. at 486.  Rather, it is up to the Court to decide whether a party is "confronted by substantial and 'real,' and not merely trifling or imaginary hazards of incrimination." Id.; Marchetti v. United States, 390 U.S. 39, 53, 88 S.Ct. 697 (1968).  Here, without seeing the actual questions asked of the informant, the Court is unable to make that determination.    The Court, therefore, grants the Motion to Compel and directs the parties to schedule a deposition of the confidential informant as promptly as possible and to provide supplemental briefing for the Motion for Summary Judgment, to the extent that it is warranted.  The informant is advised that if he is inclined to raise the Fifth Amendment privilege against self-incrimination, he may do so only where there is a "real and appreciable risk" of self incrimination.  The refusal to answer questions that do not seek privileged information risks court sanctions and contempt.

IT IS THEREFORE ORDERED that Mitchell's Motion to Compel Testimony [Doc. No. 67] is GRANTED.

Richard L. Puglisi<br>
United States Magistrate Judge<br>
(sitting by designation )