IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHESTER MITCHELL,**

      **Plaintiff,**

v.                    No. CIV 03-61 RLP/LCS

**MIKE BRISENO,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Defendant Mike Briseno's ("Briseno's") Motion in Limine, filed November 23, 2004 [Doc. No. 79]. Plaintiff Chester Mitchell filed his response on December 1, 2004 [Doc. No. 91] and then an amended response later that day [Doc. No. 93].[1] Briseno filed a reply on December 1, 2004, addressing Mitchell's first response [Doc. No. 100]. After careful consideration of the pleadings, attachments and pertinent law, the Court will grant Briseno's motion in part and deny it in part.

---

[1] Both parties' briefs were late. Defendant's motion should have been filed November 22nd, and Plaintiff's response was due no later than November 29th. Plaintiff's initial response addressed only one of the four issues raised in Defendant's motion. The amended response addressed all of the issues.

**Background**

This case involves a warrantless entry into Mitchell's residence in Farmington, New Mexico on October 4, 2000, that resulted in the police finding a small package of crack cocaine on the kitchen floor of the house two to three feet from where Mitchell was sitting.  Mitchell, who was 77 at the time, owned the house and lived in it.  Mitchell was arrested after the drugs were found but ultimately was not prosecuted.  Mitchell's remaining two claims allege that Briseno's warrantless entry and search of his home violated his Fourth Amendment rights and that he was unlawfully arrested. Briseno asserts that exigent circumstances existed to justify his entry and search, including a reasonable belief that criminal evidence would be destroyed and/or that police lives were in danger.

**Briseno's Motion in Limine**

Briseno's motion raises four issues.  Mitchell's amended response addresses all four issues.

A. *Testimony Regarding Unrelated Proceedings Involving Briseno*

Briseno anticipates that Mitchell will seek to elicit testimony regarding previous unrelated court proceedings involving Briseno where courts have not found Briseno's testimony credible. Mitchell responds by attaching an opinion by the Honorable Leroy Hansen in an unrelated criminal matter in which the court determined that portions of Briseno's testimony were not credible.  [Doc. No. 91, Ex. A, p. 7.]  Mitchell argues that testimony about this other matter is relevant and should be admitted under Fed.R.Evid. 404(b) as evidence of motive, intent, preparation and knowledge.  In addition, he asserts that the testimony regarding the unrelated criminal case is more probative than prejudicial under Fed.R.Evid. 403.

Briseno argues that any such evidence is barred because Fed.R.Evid. 608 precludes the use of specific instances of conduct to attack a witness' character for truthfulness.  Fed.R.Evid. 608(b).

However, that same rule states that specific instances of conduct may, in the discretion of the court, "if probative of truthfulness or untruthfulness," be inquired into upon cross-examination of that witness. Fed.R.Evid. 608(b). In Hampton v. Dillard Dept. Stores, Inc., the Tenth Circuit found no abuse of discretion in the trial court's admission of testimony that an officer was suspended from the force for falsifying a report twenty years earlier. 247 F.3d 1091, 1114 (10th Cir. 2001), *cert. denied,* 534 U.S. 1131 (2002). The trial court admitted the testimony having found the prior incident probative of the officer's character for truthfulness and also because the officer was permitted to explain the incident at trial. Id. The Tenth Circuit emphasized that one key aspect of the Rule 608(b) is that its application "is explicitly within the discretion of the district court." Id.

Here, the only prior matter involving Briseno that Mitchell brings to the Court's attention is an incident that also occurred in 2000 when Briseno entered a residence without a warrant and conducted a protective sweep of an individual's home. In that case, Judge Hansen found that exigent circumstances did not exist, and also that portions of Briseno's testimony were not credible, specific to the issue of whether the officers had consent to enter the home.[2]

Judge Hansen's determination about portions of Briseno's testimony may be probative of Briseno's general character for truthfulness, or at a minimum, probative of that Court's perception of Briseno's character for truthfulness under the circumstances of that case. In addition, the findings regarding Briseno's actions in that case might be admissible under Rule 404(b) as evidence of knowledge, intent, and lack of mistake, although Judge Hansen's decision was not issued until 2002.

---

[2] Briseno's reply brief and other pleadings argue that the issue of consent to search his home given by Mitchell subsequent to the warrantless entry and protective sweep cannot be asserted against Briseno because the written consent form authorized a different officer to conduct the search and was not signed by Briseno. While Briseno may be correct, the issue should have been raised in a motion to dismiss or a motion for summary judgment. Thus, the issue of consent and whether it was voluntary will proceed to trial as alleged in Count III of the amended complaint.

The Court is concerned, however, that such testimony or evidence about the unrelated criminal proceeding is more akin to the type of inadmissible character evidence addressed by Rule 404(a). In addition, even if probative or determined to be admissible under Rule 404(b), this Court finds that the evidence should be excluded under Rule 403 because any probative value is substantially outweighed by danger of prejudice. It is the province of the fact finder to make an independent determination of a witness' credibility under the specific circumstances of the case before that fact finder. Here, the danger is that the fact finder would defer to a judicial officer's credibility determination in an unrelated matter that involves its own unique circumstances, *albeit* similar legal issues.

Therefore, based on Rule 403, testimony about prior findings by courts in unrelated matters regarding Briseno's conduct will be precluded at trial, unless Briseno opens the door to such matters.

### B.   *Citizen Complaints or Internal Affairs Investigations Regarding Briseno*

Briseno requests that the Court preclude any evidence at trial of other complaints about Briseno made by citizens and/or of Internal Affairs investigations concerning Briseno. Mitchell states that he does not plan to offer evidence of citizen complaints unless it is during rebuttal to impeach statements made by Briseno. Thus, to the extent any rulings on these evidentiary questions are required, they will be made during the trial.

### C.   *Disposition of Criminal Case Against Mitchell*

Third, Briseno asks that the disposition of the criminal charges brought against Mitchell in this case be excluded from trial. The Assistant District Attorney entered a *nolle prosequi* with respect to the charge against Mitchell for possession of crack cocaine, and Mitchell never was prosecuted for

that charge. As for why the case was not prosecuted, both parties speculate on the many possible reasons but do not actually know why the prosecutor elected not to proceed against Mitchell.

Mitchell argues the evidence of *nolle prosequi* should be admitted as "part of the totality of the circumstances" at issue in this case and that it would prejudice Mitchell if the jury is permitted to know that he was arrested without knowing the resolution of his arrest. He also asserts that evidence of the *nolle prosequi* will support his position that he is an "upstanding member of the community."

The Court will permit the admission of testimony regarding the *nolle prosequi* because it is inevitable that evidence regarding Mitchell's arrest will be presented to the jury, and therefore, that the disposition of the case is relevant.[3] In addition, the Court concludes that the probative value of the evidence is not substantially outweighed by risks of prejudice or confusion of the issues. Moreover, Briseno will be able to present any and all of the possible reasons that the charges against Mitchell were not prosecuted, and may also request an appropriate limiting instruction if needed.

### D. *Deposition Testimony of Mitchell's Expert, Tom Gillespie*

Briseno asks that the testimony of Mitchell's expert, Tom Gillespie,[4] be precluded because Gillespie purportedly does not satisfy the requirements to give expert opinions regarding drug bust planning, coordination, or execution.

The Court has reviewed the portions of Gillespie's deposition transcript that Briseno attached to his motion in limine and Mitchell's amended response. Neither party provided the Court with a copy of Gillespie's expert report and his qualifications. Based on the opinions provided by Gillespie

---

[3] To the extent that Mitchell intends to introduce evidence of the disposition of the case to show that he was an upstanding citizen and had no felony convictions, Mitchell runs the risk of opening the door to permitting examination regarding his subsequent arrest for felony distribution of prescription drugs.

[4] Mr. Gillespie is since deceased but his testimony could be introduced by means of the transcript of his July 15, 2004 deposition.

in his deposition, along with his experience and training, it may be that Gillespie is qualified to testify at trial through his deposition. However, it is difficult to make this determination without the full transcript, and Gillespie's written report and qualifications.

Until Mitchell identifies which portions of the deposition transcript he intends to introduce at trial and Briseno files objections, the Court will take this matter under advisement.

## **Conclusion**

For the reasons explained above, Briseno's motion in limine will be granted in part and denied in part, to the extent that a ruling on the admissibility of Gillespie's deposition testimony will be made upon further submissions by the parties and/or during trial. Any testimony that has been excluded by the Court should not be mentioned by counsel in opening statements or raised in witness examinations.

IT IS THEREFORE ORDERED that Defendant Briseno's Motion in Limine is granted in part and denied in part.

                                                Richard L. Puglisi
                                 United States Magistrate Judge
                                     (sitting by designation)