IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHESTER MITCHELL,**

    **Plaintiff,**

**v.**                                                                                                   **No. CIV 03-61 RLP/LCS**

**MIKE BRISENO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on four Motions in Limine filed on November 22, 2004 by Plaintiff Chester Mitchell ("Mitchell) [Doc. Nos. 73, 74, 75 and 76]. Defendant Mike Briseno ("Briseno") filed responses on December 1, 2004[1] [Doc. Nos. 96, 97, 98 and 99]. No replies are necessary before resolving these motions. After careful consideration of the pleadings, attachments and pertinent law, the Court makes the following rulings as explained below.

### Background

This case involves a warrantless entry into Mitchell's residence in Farmington, New Mexico on October 4, 2000, that resulted in the police finding a small package of crack cocaine on the kitchen floor of the house two to three feet from where Mitchell was sitting. Mitchell, who was 77 at the time, owned the house and lived in it. Mitchell was arrested after the drugs were found but ultimately

---

[1] Briseno's responses were filed several days past the November 29, 2004 deadline for responses.

was not prosecuted. Mitchell's remaining two claims allege that Briseno's warrantless entry and search of his home violated his Fourth Amendment rights and that he was unlawfully arrested. Briseno asserts that exigent circumstances existed to justify his entry and search, including a reasonable belief that criminal evidence would be destroyed and/or that police lives were in danger.

### Mitchell's Motion in Limine No. 1

Mitchell asks that he be allowed to provide at trial the deposition testimony of his expert witness Thomas Gillespie, who died after his deposition was taken in this case. Briseno agrees that Mitchell may use Gillespie's deposition at trial if Gillespie were otherwise permitted to testify, but disagrees that Gillespie was qualified to give expert opinions in this case. *See* Defendant Briseno's Motion in Limine. The Court has already reserved ruling on this matter until the parties provide more information regarding Gillespie's proposed opinions and his qualifications and/or until Mitchell designates those portions of the deposition transcript he intends to use at trial and Briseno sets forth his specific objections to those designations. *See* Memorandum Opinion and Order, filed December 2, 2002. Because this motion only asks that Gillespie be found to have satisfied the requirements of unavailability as set forth under Fed.R.Evid 804(a)(4) and Briseno does not dispute this issue, Motion in Limine No. 1 is denied as moot.

### Mitchell's Motion in Limine No. 2

Mitchell anticipates that Briseno will seek to use at trial the deposition testimony of several of Mitchell's children and/or grandchildren each of whom is incarcerated at this time. Mitchell argues that the deponents are available to testify through the use of an Application for and Writ of Habeas Corpus Ad Testificandum and that he does not consent to Briseno's use of the deposition transcripts in lieu of their live testimony.

Briseno explains that he seeks to use the depositions of Clifford Reed, Michael Mitchell, Jason Reed, Brandon Rascon and the Confidential Informant. Clifford and Michael Mitchell and Jason Reed are Mitchell's grandchildren. Brandon Rascon is a friend of the Mitchell grandchildren or children, and the Confidential Informant apparently is unrelated to the Mitchells. All five individuals purportedly were present on October 4, 2000, when the drug bust occurred, and all five are presently incarcerated at various facilities in New Mexico or near El Paso, Texas. Mitchell also states that he has not determined whether he intends to use the depositions of each of these individuals although he asserts that the Federal Rules of Civil Procedure authorize the use of depositions under these circumstances.

Rule 32 of the Federal Rules of Civil Procedure governs the use of depositions in court proceedings. Rule 32 must be read in conjunction with the Federal Rules of Evidence. Fed.R.Civ.P. 32(a); Kolb v. Suffolk County, 109 F.R.D. 125, 126 (E.D.N.Y. 1985) (deposition may only be used insofar as it is admissible under the rules of evidence). "Rule 32 assumes that under normal circumstances the deposition of a witness will not be used at trial in lieu of that witness's live testimony." Bobrosky v. Vickers, 170 F.R.D. 411, 413 (D.W.Va. 1997).

Rule 32 provides specifically that any or all of a deposition "may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof in accordance with any of the following provisions:

> . . .
>
> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
> (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing . . .; or

>> (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; . . . .

Fed. R. Civ. P. 32(a)(3)(B),(C).  *See* <u>Angelo v. Armstrong World Industries, Inc.</u>, 11 F.3d 957, 964 (10th Cir. 1993) (discussing rule 32 and the authorized use of a deposition in lieu of live testimony).

Normally a deposition, as a statement not made by the declarant while testifying at trial, is hearsay.  *See* Fed. R. Evid. 801; *see also* Fed. R. Evid. 806 advisory committee's note.  Here, the deposition testimony satisfies an exception to hearsay.  If the testimony was given by a witness "in a deposition taken in compliance with law in the course of the same . . . proceeding, [and] if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination" it meets the requirements of the "former testimony" exception to hearsay.  Fed. R. Evid. 804(b)(1).

Briseno states that all five of the individuals whose depositions he may seek to introduce at trial are incarcerated, that the depositions were taken in compliance with law in the course of this same proceeding.  Mitchell's attorney was present at the depositions and either did or could have cross-examined the witnesses.  In addition, Briseno asserts that Brandon Rascon, Clifford Mitchell and the Confidential Informant all are incarcerated in facilities located more than 100 miles from the place of trial.

The Court concludes first that parts or all of the deposition transcripts of Rascon, Clifford Mitchell and the Confidential Informant may be used at trial because these potential witnesses are located more than 100 miles from the place of trial  In addition, the Court permits the deposition transcripts to be used of these three individuals and those of Michael Mitchell and Jason Reed because Fed.R.Civ.P. 32(a)(3)(C) provides no requirement that a party must apply for a writ of habeas corpus

ad testificandum before being allowed to use at trial the deposition of an incarcerated witness. *See* In re Moore, 39 B.R. 571, 572 (Bankr. Ct. M.D. Fl. 1984) (no requirement in Rule 32 that a party tried and failed to produce a witness through the use of a habeas corpus proceeding). Therefore, Mitchell's Motion in Limine No. 2 is denied.

### Mitchell's Motion in Limine No. 3

Mitchell anticipates that Briseno may seek to introduce testimony that Mitchell was arrested after the incident in question for allegedly selling "Lortabs," a prescription pain medication, to an undercover police officer. Mitchell was charged with two felony counts but has not been convicted. Mitchell argues that any such evidence regarding this subsequent arrest is precluded by Federal Rules of Evidence 608, 609, 403 and 404.

Briseno primarily seeks to introduce this evidence with respect to Mitchell's request for monetary damages related to his purported loss of reputation stemming from the crack cocaine arrest in 2000. Briseno argues that the more significant impact on Mitchell's reputation stems from the subsequent arrest which was televised on the news during which Mitchell believed he was identifiable. Mitchell also testified in his deposition that the subsequent arrest affected his sleep "an awful lot."

In sum, Briseno asserts that the evidence of the subsequent arrest is relevant to the issue of proximate cause and whether any of the alleged unlawful conduct by Briseno caused the damages Mitchell purportedly suffered. The Court agrees that the evidence of the second arrest may be relevant to the issue of damages but will reserve ruling on this matter until the time of trial.

### Mitchell's Motion in Limine No. 4

Mitchell requests that the Court preclude the introduction of any evidence into allegations that drug sales, other than those related to this matter, were conducted by Mitchell's children or

grandchildren at his house. Mitchell argues that testimony by witnesses that Mitchell's home was a known "crack house" or that it was known that his children and grandchildren were selling drugs from the house is inadmissible, unconfirmed and extremely inflammatory. He asserts that Federal Rules of Evidence 608, 609, 403 and 404 should bar any such evidence.

The Court disagrees that the evidentiary rules and pertinent law preclude all testimony about alleged prior drug sales at the Mitchell house or of its purported reputation as a "crack house." One of the critical inquiries in this case is what information Briseno had about Mitchell and the activities at his home before Briseno entered the Mitchell residence on October 4. Briseno has the burden of proof to show that he had reason to believe criminal evidence might be destroyed inside the house that day and/or that police lives were in danger, thereby justifying the warrantless entry and protective sweep. Thus, Briseno will be permitted to testify what information, relevant to these issues, he knew of prior to entering the Mitchell residence on October 4, 2000. At this stage of the proceeding, the Court is unable to make rulings regarding specific anticipated evidence and will make those rulings as needed at trial.

## Conclusion

For the above-stated reasons, the Court denies Mitchell's first motion in limine as moot and his second motion in limine on the merits. The third motion is taken under advisement, and the fourth motion is denied in part, to the extent that the Court will make rulings regarding specific proposed testimony during trial.

IT IS THEREFORE ORDERED that:

(1)     Plaintiff's Motion in Limine No. 1 is DENIED as moot;

(2)     Plaintiff's Motion in Limine No. 2 is DENIED;

(3)    Plaintiff's Motion in Limine No. 3 is taken under advisement until trial; and

(4)    Plaintiff's Motion in Limine No. 4 is DENIED, in part, and specific rulings are deferred until trial.

                                                                          Richard L. Puglisi
                                           United States Magistrate Judge
                                                 (sitting by designation)