IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHESTER MITCHELL, et. al.,

    Plaintiff

v.                                                                                   No. 03-00061 RLP/LCS

MIKE BRISENO, et al,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff Chester Mitchell's Motions for Attorneys' Fees and Expenses, filed pursuant to 42 U.S.C. §1988. [Doc. Nos. 165 & 166]. The cause of action arose when Defendant and other officers of the Bloomfield Police Department entered Plaintiff's home, arrested him and incarcerated him in the San Juan County Detention Center.

Plaintiff sought relief under 42 U.S.C. §1983 (violation of Fourth and Fourteenth Amendment rights), alleging unlawful entry, search, seizure and arrest). The case was tried to a jury twice. A mistrial due to juror misconduct was declared after a jury verdict in favor of Defendant. The second trial resulted in the jury finding that Defendant had no probable cause to arrest Plaintiff. The jury awarded $500.00 in compensatory damages.

Plaintiff's two attorneys now seek a total of $83,261.81 in fees and expenses. The expenses sought are for the services of a paralegal.

A court must first decide whether a plaintiff seeking fees is a "prevailing party." 42 U.S.C. §1988(b); *Farrar v.Hobby,* 506 U.S. 103 (1992). Plaintiff prevailed on his unlawful

arrest claim. Although the amount awarded is small, important rights were vindicated. *City of Riverside v. Rivera*, 477 U.S. 561, 574-575, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

I next consider whether fees sought are reasonable. The starting point for evaluating the amount of an appropriate attorney fee is to calculate the number of hours reasonably expended, and then to multiply that number by a reasonable hourly rate. *Ramos v. Lamm*, 713 F.2d 546, 552 (10th Cir. 1983), *abrogated on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 771 (1987). The resulting figure is the "lodestar." *Case v. Unified School Dist.,* 157 F.3d 1243, 1249 (10th Cir. 1998). The court has an obligation to exclude hours not "reasonably expended" from the lodestar calculation. *Malloy v. Monahon,* 73 F.3d 1012, 1018 (10th Cir. 1996) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see* 42 U.S.C. §1988(b)(prevailing party is to receive a "reasonable attorney's fee.").

There are two elements to the reasonableness inquiry: First, has the attorney exercised billing judgment and deleted excessive, unnecessary or redundant fees from the application, see *Hensley*, 461 U.S. at 437; and second, is the fee award reasonable in light of the success obtained, *see id.* at 436. The court "must reduce the actual number of hours expended to a reasonable number to ensure services an attorney would not properly bill to the client are not billed to the adverse party." *United Phosphorous*, *Ltd., v Midland Fumigant, Inc.*, 205 F.3d 1219, 1239 (10th Cir. 2000). The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case*, 157 F.3d at 1249.

**Attorneys fees sought by Joe M. Romero, Jr.**  Mr. Romero is an attorney practicing in Albuquerque, New Mexico.  He has practiced law in New Mexico for nineteen years, and has handled numerous civil rights cases, focusing on police officer and jail employee misconduct.  Prior to entering private practice, he was an Assistant United States Attorney.  He has represented Plaintiff since July 8, 2002, and was the lead attorney in both the discovery and trial phases of this case.  His usual and customary hourly rate is $225.00, which is the rate he seeks in this case.  I find that this is a reasonable fee in this community for an attorney with Mr. Romero's experience in civil rights litigation.  In the exercise of billing judgment, Mr. Romero has pared many expenses from his billing statement.  For example, there are several entries on his billing sheet for which no time was billed, or for which the time spent was halved. (See, Doc No. 167, Ex. 2, entries for March 24 & 28, 2003, June 19, 2003,  July 24 & 28, 2003, August 12 & 27, 2003, October 24, and 30, 2003, January 23, 2004, February 6, 2004, April 7, 2004,  May 25, 2004, August 12, 2004, December 1, 2004).

Of the total hours reflected on Mr. Romero's time sheet, he agrees that entries on July 24, 2003 and April 23, 2004, pertaining to Shawn Scott  or his attorney should be removed.  These entries total 0.2 hours.  Mr. Romero also submits time related to the deposition of Thomas Gillespie (June 15, 2004, attendance at deposition; November 21, 2004, Motion in Limine, testimony of Gillespie), totaling 5.5 hours.  Mr. Gillespie did not testify at the second trial.  I find that fees incurred in connection with his  testimony are not reasonable.

Subtracting the above hours from the claimed total, Mr. Romero spent 215.6 hours

3

on behalf of Plaintiff.  This is not excessive considering two jury trials were held, as well as briefing and a hearing in connection with the Motion for Mistrial.

**Attorney fees sought by Ronald R. Adamson.**  Mr. Adamson is an attorney practicing in Farmington, New Mexico.  He initially met with Plaintiff on July 7, 2002 to discuss this matter.  The following day, he associated with attorney Joe M. Romero, Jr., and the two attorneys continued to represent Plaintiff throughout the pendency of the matter.  Mr. Adamson was admitted to the New Mexico State Bar in 1981.  He specializes in criminal defense work, but represents that he has been involved in numerous federal and state civil cases.  In his affidavit, Mr. Adamson states that his customary hourly rate for civil rights cases and other civil actions is $130.00.  His itemized summary of time spent seeks an award of $135.00 per hour.  ($22,612.50 ÷ 167.5 hr = $135.00).  A more reasonable hourly fee is $125.00, given the nature of Mr. Adamson's involvement with the case.

Much of time expended by Mr. Adamson duplicates time expended by his co-counsel, who was clearly lead counsel in this case.  If two attorneys are needed to handle a case, that does not mean that both of them do the same thing and charge for it.  To the extent that Mr. Adamson billed for the same work Mr. Romero billed, I find that billing judgment was not exercised.[1]  *Hensley*, 461 U.S. at 437.  Comparison of Mr. Adamson's and Mr. Romero's time sheets indicates that on the following dates, and in the time indicated, Mr. Adamson duplicated the efforts of Mr. Romero:

---

[1] It appears that many pieces of correspondence and routine court filings were read by both attorneys and charged for accordingly.  This is considered duplicative.

| | | | |
|---|---|---|---|
| 03/08/03 - 0.1 | 06/21/04 - 0.9 | 01/13/05 - 0.1 | 07/22/05 - 0.8 |
| 04/01/03 - 0.1 | 11/23/04 - 0.4 & 0.1 | 02/01/05 - 0.1 | 07/29/05 - 0.3 |
| 06/01/03 - 2.9 | 11/24/04 - 0.5, 0.1 & 0.7 | 02/08/05 - 0.2 | 08/17/05 - 0.1 |
| 01/02/03 - 0.1 | 11/29/04 - 0.1, 0.1 & 0.1 | 02/10/05 - 6.0 | 08/26/06 - 0.1 |
| 06/09/03 - 0.1 | 12/02/04 - 0.1 | 02/15/05 - 0.1 | |
| 06/19/03 - 0.4 & 1.0 | 12/13/04 - 0.2, 0.1, 0.1, | 03/14/05 - 0.1 | |
| 07/19/03 - 1.8 | 0.2, 0.4 & 0.2 | 05/16/05 - 0.1, 0.1, 0.1 | |
| 07/23/03 - 0.1 | 12/14/04 - 0.8 | & 0.1 | |
| 11/12/03 - 0.2 & 0.2 | 12/29/04 - 2.6 & 1.2 | 05/18/05 - 0.1 | |
| 03/22/04 - 0.1 | 12/30/04 - 0.3 & 0.8 | 05/26/05 - 0.4 | |
| 05/03/04 - 0.6 | 01/10/05 - 0.2 | 06/14/05 - 0.2 | |

Fees for this duplicative work will not be awarded.

In addition, Mr. Adamson charged 8.4 hours on September 1, 2005, for traveling to Albuquerque to meet with his co-counsel to prepare the billing statement, in order to "omit overlap." I find that although conferring in this manner is laudable, travel to Albuquerque for this purpose was not necessary, and as indicated above, the overlap was not eliminated. Accordingly, I am disallowing 6.4 hours, representing the travel time involved (see Doc. No.167, Ex 2, entry for July 9, 2005), as well as half of the remaining two hours of time charged.

In addition, I find that it is reasonable for both counsel to charge for time in trial and at other court appearances.

**Expenses sought for the work of Paralegal Brandon Cummings.** Mr. Cummings is an independent paralegal retained by Plaintiff's counsel shortly before the second trial in this matter. He prepared and managed a power point demonstration, assisted with jury selection, performed legal research and assisted at trial. His itemized summary of time indicates a billing rate of $85.00 per hour plus gross receipts tax for 65.8 hours of work. Following Defendant's objection to this amount, Plaintiff agreed to a reduction of the hours charged by 20%. (Doc. No. 169, p. 7). I find this reasonable.

5

**Lodestar calculation.**

    Based on the above discussion, I calculate the lodestar as follows:

|  | Hours | Rate | Amount |
|---|---|---|---|
| Joe M. Romero, Jr., Esq. | 215.6 | $225.00 | $48,510.00 |
| Ronald R. Adamson, Esq. | 133.5 | $125.00 | $16,687.50 |
| Brandon Cummings, paralegal | 52.64 | $85 | $ 4,474.40 |

Once a court has determined the lodestar amount, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward." *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933.  I see no reason to alter the fee award further.

    IT IS THEREFORE ORDERED that attorney Joe M. Romero, Jr., is awarded the total amount of $48,510.00 in attorney fees, plus gross receipts tax; and

    IT IS FURTHER ORDERED that attorney Ronald R. Adamson is awarded the total amount of $16, 670.50 plus gross receipts tax; and

    IT IS FURTHER ORDERED that counsel are entitled to $4,474.40 plus gross receipts tax for paralegal services.

    IT IS SO ORDERED.

                                                                RICHARD L. PUGLISI
                                                  United States Magistrate Judge
                                                      (sitting by designation)